UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CASSANDRA JACKSON, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 1:17-cv-335-TRM-SKL |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 25]. Plaintiff seeks approval of a fee award in the amount of $6,000. The Commissioner of Social Security ("Commissioner") filed a response indicating it had no objection to the reasonableness of the fees requested [Doc. 26].

**I. BACKGROUND**

Plaintiff was originally awarded disability benefits on March 28, 2008, for her disability beginning February 15, 2005. On October 24, 2014, after a continuing disability review, the Social Security Administration ("SSA"), notified Plaintiff that it no longer considered her disabled and she would stop receiving benefits by the end of the year [*see* Doc. 22 at Page ID # 1256-57]. Plaintiff appealed that unfavorable decision, but it was eventually affirmed in a final decision by the Commissioner. Plaintiff then filed a complaint seeking review in this Court, followed by a motion for summary judgment. On October 26, 2018, after no objection was filed to the report and recommendation recommending remand for further SSA proceedings, the Court entered an Order and Judgment [Doc. 23 & Doc. 24] granting Plaintiff's motion, reversing the Commissioner's decision to terminate Plaintiff's benefits, and remanding the case the case for

further administrative proceedings. On remand to the SSA, the Commissioner found Plaintiff remained disabled throughout the relevant time period and therefore her benefits should not have been terminated. For the months between January 2015 and November 2019, when Plaintiff wrongfully did not receive benefits, Plaintiff was awarded backpay in the amount of $90,926.80. Plaintiff was notified of backpay amount in a "Notice of Change in Benefits" letter dated January 15, 2020 [Doc. 25-1].

Plaintiff's current counsel represented her when she was first approved, in March 2008. In the more recent administrative proceedings concerning the termination of her benefits, Plaintiff initially represented herself. She re-hired current counsel in April 2017, to represent her before the SSA Appeals Council. She executed a contingency fee agreement with him, pursuant to which counsel would receive 25% of any past-due benefits awarded, up to $6,000, for work counsel performed at the administrative level [Doc. 25-2]. The agreement provides that if the case proceeds to judicial review, "the fee is 25% of all back benefits with no maximum cap." [*Id.*].

Plaintiff's January 2020 Notice of Change in Benefits states that the SSA "approved the fee agreement between you and your representative." [Doc. 25-1 at Page ID # 1279]. The Notice further states that the SSA would withhold Plaintiff's backpay, and would pay counsel $6,000 for his work at the administrative level from the withheld backpay. This fee award was made pursuant to under 42 U.S.C. § 406(a). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (explaining $6,000 fee cap for "representation before Commissioner" under § 406(a)).

In the instant motion, counsel seeks approval for an additional $6,000 payment under 42 U.S.C. § 406(b), for the work he performed before this Court. Plaintiff has apparently already

2

paid the money, and counsel is currently holding it "in trust pending determination of [his] petition" [Doc. 25 at Page ID # 1277, ¶ 6].

## II. ANALYSIS

The Social Security Act provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). A judgment ordering remand for further administrative proceedings may be considered "favorable" within the meaning of the statute, so long as the claimant is eventually awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Accordingly, a reasonable fee award is appropriate in this case, where the Court remanded Plaintiff's case to the SSA and benefits were eventually reinstated.

The percentage-based fee cap and court approval provisions in § 406(b) were designed to protect claimants against "inordinately large fees" charged by attorneys, but also to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the inherent risk in pursuing an uncertain claim. *Rodriguez v. Bowen*, 865 F.2d 739, 744-46 (6th Cir. 1989) (citation omitted). Accordingly, the Court "has an independent duty to ensure the fee's reasonableness," even if the parties agree the fee is appropriate. *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at * (E.D. Mich. Aug. 5, 2015) (citations omitted), *report and recommendation adopted*, 2015 WL 5772000 (E.D. Mich. Oct. 2, 2015).

3

The Supreme Court has addressed the interplay of contingent fee agreements, like the one at issue in this case, and fee awards under § 406(b), holding that nothing in the text or history of § 406(b) "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (quotation marks and citation omitted). In *Gisbrecht*, the Court explicitly rejected the lodestar method for determining a reasonable fee under § 406(b) in the face of a contingency fee agreement, noting the lodestar method was "designed to govern imposition of fees on the losing party," and that "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client." *Id.* at 806 (citations omitted).

Accordingly, in assessing the reasonableness of a fee request, courts should consider first whether a fee agreement has been executed between the claimant and the attorney. *Rodriguez*, 865 F.2d at 746. If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.2d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A deduction from the amount specified by agreement should generally be made when the claimant's counsel was ineffective or unduly delayed the litigation, or where the award would result in a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.*

Applying these principles to the fee request in this case, I note the request is supported by a contingency fee agreement that was executed months before Plaintiff's federal court case was

4

filed, long before victory was certain. Moreover, the request is far below the 25% of backpay figure specified in the contingency fee contract (and the statutory maximum). As mentioned, Plaintiff's backpay award was $90,926.80. Counsel seeks approval for a fee of $6,000 for the work performed before this Court, which is about 6% of the backpay award.[1] Accordingly, I find the $6,000 fee request is presumptively reasonable.

Plaintiff's counsel was effective in that Plaintiff prevailed on the issue brought before the Court and her benefits were restored. It also does not appear that the award would be a windfall based on the amount of the award. *See*, *e.g.*, *McEwen v Comm'r of Soc. Sec.*, No. 3:06-cv-319, 2014 WL 1224212 (M.D. Tenn. Mar. 24, 2014) ($9,453.78 award under § 406); *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. June 17, 2010) ($16,889.05 award under § 406), *report and recommendation adopted*, 2010 WL 2927682 (M.D. Fla. July 21, 2010). Indeed, counsel took a discounted amount. *See Reynolds v. Comm'r of Soc. Sec.*, 292 F.R.D. 481, 485 (W.D. Mich. 2013) ("Counsel's request of approximately 17% of his client's past-due benefits award, representing a significant discount from his agreed-upon contingency rate, is eminently reasonable."). The Commissioner has not objected to, or identified any reason to doubt, the reasonableness of the fee request. Finally, Plaintiff's counsel did not improperly delay resolution of Plaintiff's substantive claim for reinstatement of her benefits;

---

[1] As noted, the SSA has already approved the $6,000 for counsel's work at the administrative level. In *Culbertson*, 139 S. Ct. at 523, the Supreme Court held that the 25% cap in § 406(b) does not apply to "aggregate fees awarded under §§ 406(a) and (b)."

5

rather, the administrative record reflects that Plaintiff herself requested a postponement of the administrative proceedings in order to retain counsel [Doc. 14 at Page ID # 240].

There was, however, a significant delay between the SSA's issuance of the January 2020 Notice of Change in Benefits [Doc. 25-1], which included the backpay calculation, and counsel's filing of the motion for approval of attorney fees on November 21, 2020 [Doc. 25].  On the one hand, this delay did not affect the calculation of the backpay award, as the backpay period closed in November 2019.  *See Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2014 WL 2589259, at *4 (S.D. Ohio June 10, 2014) (reasoning that "the concern with delay generally is that the significant passage of time could lead to a large increase in the past-due benefits owed to Plaintiff that results in an inappropriate windfall to counsel" (citations omitted)).  On the other hand, in this particular case, Plaintiff has already paid counsel the $6,000 fee, and counsel has been holding the money for an undisclosed amount of time, possibly for many months, without Court approval for the fee and without explanation for the delay.

Section 406(b) does not impose a deadline for filing a fee application, and some courts apply Federal Rule of Civil Procedure 54(d), giving attorneys 30 days from entry of judgment to file their fee requests.  Some courts also apply equitable tolling, and start the clock from the date the SSA issues a notice indicating the claimant will receive backpay.  *See Beaty v. Comm'r of Soc. Sec.*, No. 2:08-0118, 2016 WL 3647177, at *4-5 (M.D. Tenn. June 13, 2016) (discussing timing of § 406(b) fee applications, rule 54(d), and equitable tolling).  But even applying equitable tolling, counsel waited almost a year from the issuance of the Notice of Change in Benefits to request approval for his fees.  *Cf. id.* at *4 (finding counsel acted with reasonable diligence when he filed fee application within 64 days after Notice of Award was issued).

6

Nevertheless, as mentioned, counsel is requesting approval a discounted fee amount, to which the Commissioner does not object. Counsel stepped in and revived Plaintiff's case when she was on the verge of losing her benefits. Finally, the delay did not result in a larger fee for counsel. While counsel should be more mindful of the timing of his fee applications in the future, particularly when he has already been paid by his client, I do not find that the fee award should be reduced in this case simply as a result of the delay.

## III. CONCLUSION

For the reasons set forth herein, I **RECOMMEND**[2] that Plaintiff's unopposed motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 25] be **GRANTED** and the fee award in the amount of $6,000 be **APPROVED**.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).